**Carnegia Rastine GRAHAM, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–84–588–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 30, 1985.

Leroy Peavy, Houston, for appellant.

John B. Holmes, Dist. Atty., Calvin A. Hartmann, William J. Delmore III, Hon. William J. Porto, Asst. Dist. Attys., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and SEARS, JJ.

## OPINION

ELLIS, Justice.

This is an appeal from a judgment of conviction for the offense of forgery. The indictment alleged that appellant, Carnegia Rastine Graham, forged a facsimile of a one dollar bill by both making and possessing the same. Appellant pled not guilty and the court, after receiving a stipulation of evidence, found him guilty. Appellant's punishment was assessed at five years in the Texas Department of Corrections and a $300 fine. We affirm.

In his stipulation of evidence, appellant confessed that he photostated one side of a dollar bill, the legal currency of the United States Government, on a Xerox machine approximately fifty times. He inserted the copies, with the intent to defraud, in change machines at a car wash on Wirt Road in Houston, Texas, and at St. Joseph's Hospital in Houston, Texas, on May 15, 1983. Appellant received the equivalent of one dollar in change each time he inserted a dollar bill. He also admits that on June 7, 1983, he was apprehended by

Secret Service agents and was in possession of 127 Xeroxed copies of a one dollar bill. He stated that no one authorized the duplication of the dollar bills.

Appellant's stipulation also covered the testimony of other witnesses. He stipulated that if co-defendant Donald Moore testified he would state that appellant possessed the Xeroxed instrument in the indictment, that appellant intended to insert the copy in a coin machine on May 15, 1983, and that Moore knew the insertion of the copies in the machines was not authorized by anyone. Appellant also stipulated that four owners of change machines would testify that Xeroxed instruments were found in their machines.

In his sole ground of error, appellant alleges that the acts of photostating one side of a dollar bill and using the copy to obtain money from a change machine does not constitute forgery, and is insufficient to support his conviction.

Appellant relies on four cases decided under the former penal code. These cases hold that a writing purporting to be the act of another constitutes forgery only when the document appears genuine on its face to the degree that it would deceive a person after ordinary observation.

■ However, cases decided under the old penal code are no longer applicable. Under TEX.PENAL CODE ANN. § 32.21 (Vernon 1979) the fact that an instrument does not appear to create a legal obligation, or otherwise apparent validity, no longer precludes prosecution for forgery. *Lloyd v. State*, 574 S.W.2d 159, 160 (Tex.Crim. App.1978); *Martinez v. State*, 551 S.W.2d 735, 737 (Tex.Crim.App.1977).

In the instant case appellant's acts conform to the definition of forgery found in TEX.PENAL CODE ANN. § 32.21(a)(1)(A) (Vernon 1979) which requires the following elements: (1) to alter, make, complete, execute, or authenticate any writing that it purports to; (2) be the act of another who did not authorize that act. Section 32.21(b) states that a person commits an offense if

he forges a writing with the intent to defraud or harm another.

■ The State by the stipulation of evidence has proven that appellant committed forgery. Appellant made a writing which purported to be an act of the United States Government. The writing was unauthorized by the United States Government. Lastly, appellant committed the offense with the required intent, that is, with the intent to defraud the owners of the change machines. Appellant's ground of error is overruled and his conviction is affirmed.

The State has asked this court to reform the judgment of the trial court to reflect the assessment of a fine of $300, as pronounced by Judge Love on August 29, 1984. At the conclusion of the punishment phase of trial on August 13, 1984, Judge Temple Driver stated that he assessed a $500 fine, in addition to the five years probated penitentiary sentence, and also required payment of restitution in the amount of $300. He did not make any docket entry concerning the punishment assessed; however, and for reasons not apparent from the record, the case was reset to August 29, 1984, for assessment of punishment.

On August 29, 1984, Judge Miron Love stated that the case had been reset to that date for "assessment of punishment." In addition to the five years probationary term, he imposed a fine of $300, payable $25 per month, and required payment of restitution in the amount of $400, payable $25 per month. His docket entry did reflect the assessment of a $300 fine. The judgment of the court, though, does not contain any provision regarding the fine or restitution payment. The date and several other provisions of the judgment were corrected by interlineation, and the discrepancy concerning the fine appears to have resulted from the August 29, 1984, use of a judgment that was at least partially prepared on August 13, 1984.

■ Where the court reporter's notes and the trial court's docket sheet reflect that a certain fine was assessed in open

court, but the fine was incorrectly recited in the judgment, this Court has held that it will reform the judgment to reflect the assessment of the correct fine. *Norman v. State*, 642 S.W.2d 251, 253 (Tex.App.—Houston [14th Dist.] 1982, no pet.). Where this court has all information and evidence necessary for reformation, the judgment and sentence may be reformed on appeal. *Brewer v. State*, 572 S.W.2d 719 (Tex.Crim. App.1978). The judgment in the instant case is reformed to reflect the assessment of a fine in the amount of $300 in addition to the five years probated penitentiary sentence, as pronounced by Judge Love on August 29, 1984. The $300 fine is payable at the rate of $25 per month, beginning on the first day of the month after the mandate in this case issues.

Accordingly, the judgment of the trial court is affirmed as reformed.