James Edward GILLMORE, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–84–0584–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 6, 1986.

Catherine Greene Burnett, Morrow & Burnett, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., Roe Morris, Mike Tiffin, Harris Co. Asst. Dist. Attys., Houston, for appellee.

Before DUNN, DUGGAN and LEVY, JJ.

## OPINION

DUNN, Justice.

Appellant was convicted of unauthorized use of a motor vehicle. Punishment, enhanced with one prior felony conviction, was assessed by the jury at 12 years confinement. The record shows that, at the time of the present offense, appellant was serving a 9–year sentence for theft. He had been given a work furlough from the Texas Department of Corrections and had failed to return.

In his first ground of error, appellant contends that the trial court's order, which cumulated the present sentence to appellant's prior sentence, is void because it fails to clearly and unequivocally inform the prison authorities of the length of his detention.

The Court of Criminal Appeals has recommended that cumulation orders contain the following elements:

1. the trial court number of the prior conviction;
2. the correct name of the court where the prior conviction was taken;
3. the date of the prior conviction;
4. the term of years of the prior conviction; and
5. the nature of the prior conviction.

*Ward v. State*, 523 S.W.2d 681, 682 (Tex. Crim.App.1975).

The order in the instant case provides only that sentence is to begin "immediately following the discharge of sentence in cause number 274333." This is not sufficient where, as here, the prior sentence was entered in a different court. *See Ex parte Ashe*, 641 S.W.2d 243 (Tex.Crim.App. 1982); *Diaz v. State*, 608 S.W.2d 686 (Tex. Crim.App.1980).

Although only one of the recommended elements appears in the cumulation order before us, we do not find that the order must be set aside. It has recently been held that an appellate court can reform a sentence upon appeal when it has the necessary information before it. *Stokes v. State*, 688 S.W.2d 539, 542 (Tex. Crim.App.1985).

The purpose of a cumulation order is to specifically inform the prison authorities of the length of a convicted defendant's detention. In the case before us, that purpose can be carried out without surprise or harm to appellant. The trial judge precisely recited all five of the elements set out in *Ward* in her oral pronouncement of sentence. More importantly, the record contains appellant's prior sentence in cause number 274333 on March 14, 1983, in the 178th District Court of Harris County. It also reflects that appellant was sentenced to 9 years confinement for the felony of theft. Therefore, all five of the necessary elements are affirmatively provided by the record. Accordingly, we reform the cumulation order to properly reflect the trial court's actual order.

Appellant's first ground of error is overruled.

■ Appellant's second ground of error alleges that the trial court was without authority to cumulate the sentence in appellant's case, because he had already begun to serve his sentence when the cumulation order was entered.

According to the transcript, the jury returned its verdict on September 7, 1984. Judgment and sentence were entered on September 11, 1984. Relying upon the Texas Code of Criminal Procedure, appellant contends that the 1981 amendment to article 42.20, which unified the judgment and sentence, when coupled with article 37.12, which provides that judgment shall be entered immediately upon return of the verdict, compels the finding that appellant began to serve his sentence on September 7. This creative argument is completely unsupported by the case law, and is in direct conflict with art. 42.09, sec. 1, Tex. Code Crim.P.Ann. (Vernon Supp.1986), which clearly states that, "[t]he defendant's sentence begins to run on the day it is pronounced, but with all credits, if any, allowed by article 42.03." The record reflects that appellant was given credit for the time he had been incarcerated pending judgment and sentence in this cause.

Appellant's second ground of error is overruled.

■ In his third ground of error, appellant avers that the trial court abused its discretion in refusing to allow the defense to reopen so that appellant could testify in his own behalf.

Initially, it must be noted that defense counsel made no motion to reopen. The general rule is that if a motion or objection is not brought to the attention of the trial court, nor ruled upon by the trial court, no error is preserved. *See Hanner v. State,* 572 S.W.2d 702 (Tex.Crim.App.1978), *cert. denied,* 440 U.S. 961, 99 S.Ct. 1504, 59 L.Ed.2d 774 (1979).

Following the reading of the charge, appellant interrupted the prosecutor's argument with a demand to testify. He was admonished by the court to remain silent. Appellant interrupted the proceedings with the same request during defense counsel's closing argument. Under these circumstances, we find that appellant's desire to reopen was brought to the attention of the trial court.

■ The Court of Criminal Appeals has held that the decision whether to reopen is left to the sound discretion of the trial court, but that this discretion is not unlimited. *Holifield v. State,* 599 S.W.2d 836 (Tex.Crim.App.1980). The standard is as follows:

> But irrespective of its weight, or of its probative value or cumulative character, or the issue upon which it is offered, ... if the evidence was admissible and offered before the reading of the charge and prior to arguments, unless it appears its introduction would have impeded the trial or interfered with the due and orderly administration of justice, it will be reversible error to refuse the request to reopen for its receipt.

*Vital v. State,* 523 S.W.2d 662, 664–65 (Tex.Crim.App.1975) (footnote omitted).

Appellant made his initial offer to testify following the reading of the charge and after the prosecution had begun its argument. Further, the record reflects that, at the beginning of the defense phase of trial, a hearing on appellant's decision whether to testify was held out of the jury's presence. As appellant concedes in his brief, he answered affirmatively when directly and specifically asked by the court if he had, in his opinion, been fully counseled on not taking the stand. These proceedings further support the trial court's decision not to reopen this case. We find no abuse of discretion, and we overrule appellant's final ground of error.

The cumulation order of the sentence is reformed to reflect that appellant's sentence shall begin immediately following the discharge of appellant's prior nine-year sentence for theft, cause no. 274333, entered in the 178th District Court of Harris County on March 14, 1983. A copy of this

order is to be forwarded by the clerk of this Court to the Texas Department of Corrections.

As reformed, the judgment of the trial court is affirmed.