Lawrence BALTIMORE, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–87–432–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 11, 1988.

Lloyd D. Stansberry, Houston, for appellant.

Jim Mapel, Angleton, for appellee.

Before JUNELL, SEARS and CANNON, JJ.

## OPINION

JUNELL, Justice.

Appellant was convicted by a jury of the offense of aggravated assault on a peace officer with a deadly weapon. The jury assessed punishment at twenty years imprisonment and a fine in the amount of $10,000.00.

Appellant raises three points of error asserting: 1) the trial court's judgment and sentence are void; 2) the conviction is void and; 3) the trial court erred in allowing the state to ask a question that went to an ultimate issue of fact. We affirm.

Appellant was originally indicted for attempted capital murder of a peace officer. However, the jury found Appellant guilty of the lesser included offense of aggravated assault on a peace officer.

In his first point of error appellant argues the trial court's judgment and sentence cumulating the punishment are void. The complained of language stated in pertinent part that, "It is further Ordered and Adjudged that the punishment herein adjudged against the Defendant, Lawrence Baltimore, shall begin when the judgment and sentence in Cause Nos. 245326, 435894 and 435895 shall have ceased to operate. Sentence to begin July 3, 1985." Appellant asserts that the language used in the purported "stacking order" is conflicting and confusing. We agree.

A cumulation order should contain the following: 1) trial court numbers of prior convictions; 2) correct name of the court where conviction was taken; 3) date of prior conviction; 4) term of years of prior conviction and 5) nature of prior conviction. *Gillmore v. State*, 707 S.W.2d 218, 219 (Tex.App.—Houston [1st Dist.] 1986, no pet.). The reason for the requirement of specificity is to enable prison authorities to know how long to detain the prisoner under the sentence. In *Ex Parte Lewis*, 414 S.W.2d 682 (Tex.Crim.App.1967), it was stated that a final judgment should convey clear and unequivocal orders of the trial courts so that authorities may know definitely how long to detain the convict or prisoner. *Ex parte Lewis*, 414 S.W.2d at 683. When determining the validity of a judgment, the court of criminal appeals observed that the order must be read as a whole and the phraseology construed together. *Stokes v. State*, 688 S.W.2d 539, 541 (Tex.Crim.App.1985). Where the appellate court has all information and evidence necessary for reformation, the judgment and sentence may be reformed on appeal. *Brewer v. State*, 572 S.W.2d 719, 723 (Tex. Crim.App.1978); *Graham v. State*, 693

S.W.2d 29, 31 (Tex.App.—Houston [14th Dist.] 1985, no pet.).

We find no reversible error in the judgment. There is a conflict in the sentence as it now reads. However, the intent of the court as to sentencing is ascertainable from the record before us. It is obvious the trial court intended to cumulate the sentences so that the new sentence would not commence until the sentences in Cause Nos. 245326, 435894 and 435895 had been served. It was also the intent of the trial court to give Appellant credit for each day he served in jail until the day his sentence was pronounced. Appellant testified at the punishment phase that he had been in jail continuously from July 3, 1985, until March 25, 1987. Therefore, we find Appellant is entitled to 630 days credit to be applied towards the sentence arising from his aggravated assault conviction.

The appropriate remedy is to reform the sentence to read: "It is further Ordered and Adjudged that the punishment herein adjudged against the Defendant, Lawrence Baltimore, shall begin when the judgment and sentence in Cause Nos. 245326, 435894 and 435895 shall have ceased to operate, appellant to receive credit on his sentence in the instant case for 630 days confinement from July 3, 1985 to March 25, 1987." We sustain appellant's first point of error.

In point of error two Appellant argues his conviction is void because his counsel did not render effective assistance at trial. Appellant specifically asserts that his court appointed counsel did not contact or interview Appellant's alleged accomplice, Elvis Harkless. Appellant further asserts that Harkless would have been a valuable defense witness. The record also contains an affidavit executed by Elvis Harkless which was tendered to the court by Appellant. Harkless's affidavit states that he never saw or heard of Appellant until quite recently when they met in the jail. The affidavit shows on its face that it was signed by Harkless only five days before appellant went to trial and was notarized by a notary public at the Texas Department of Corrections, Ramsey Unit II at Rosharon, where appellant was also confined.

The standard by which an attorney's performance is to be judged is whether the accused received reasonably effective assistance under prevailing professional norms. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). The constitutional right to counsel does not mean errorless counsel whose competency or accuracy of representation is to be judged by hindsight. *Prior v. State,* 540 S.W.2d 723 (Tex.Crim.App. 1976). A court reviewing an ineffectiveness claim must judge the reasonableness of counsel's challenged conduct in light of the facts of the particular case, viewed as of the time of counsel's conduct. *Strickland v. Washington,* 104 S.Ct. at 2066. A strong presumption exists that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland v. Washington,* 104 S.Ct. at 2068. In order to show ineffectiveness of counsel the defendant must show that his counsel's performance was not reasonably effective and that a reasonable probability exists that but for his unprofessional errors the result of the proceeding would have been different. *Strickland v. Washington,* 104 S.Ct. at 2068.

We do not find that appellant's counsel was ineffective. Although the record contains Harkless's affidavit, dated March 18, 1987, stating that he did not know and had never heard of appellant, the overwhelming evidence shows that Harkless was with appellant on the day the aggravated assault on Officer Preciado occurred. Officer Preciado testified that Elvis Harkless was driving with appellant immediately prior to the aggravated assault. Mr. Melvin J. Williams testified that he saw Elvis Harkless and appellant walking together on a country road a short time after the aggravated assault occurred. Moreover, Mr. Williams recognized Elvis Harkless because he had known him since grade school. Based on all of the evidence, it appears to us that it was a clear strategic decision by appellant's attorney not to call Elvis Harkless to the stand. Appellant has

the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. *Kimmelman v. Morrison*, 477 U.S. 365, 106 S.Ct. 2574, 2586, 91 L.Ed.2d 305 (1986). While other counsel may have chosen a different strategy, we cannot conclude that the assistance rendered by trial counsel was ineffective.

If there is any development of the ineffective assistance of counsel claim then any additional evidence that could be brought should be accomplished by means of a post-conviction writ of habeas corpus. The writ of habeas corpus hearing would give defense counsel an opportunity to testify regarding his trial actions. Point of error two is overruled.

█ In point of error three Appellant contends the trial court erred in permitting the state to prejudicially invade the province of the jury by asking a question that went to an ultimate issue of fact. The allegedly improper question was propounded to the complainant, Mr. Carlos Preciado. The trial dialogue states in pertinent part:

Prosecutor: Okay. Now, when you were heading for your car, do you have any reason to determine the course of the projectile of the bullet in relation to you?

Mr. Preciado: When I got back to my car, like I said, it was hot. I was running, and I remember feeling glass as I allegedly [sic] going for my gun. That's when I heard the second pop, the second shot. And I'm almost sure I heard a projectile. Like I said, at the time I was running, I was thinking of other things. But I heard a whizzing little whistle like passed in this general area, right here (indicating). At the time my hair was a little long, and it kind of curled up this way. And I thought I felt my hair just kind of—(indicating).

Prosecutor: *Okay. Now, let me ask you this: Now, I take you back a while. In thinking back, were you sure, beyond a reasonable doubt, in your mind, that projectile or bullet went past you?*

Mr. Preciado: Yes, sir.

This point of error lacks merit on its face because "invading the province of the jury" is not a proper point of error and does not preserve error for our review. Furthermore, the state was simply questioning Officer Preciado as to whether he unquestionably knew the bullet went by his head. Point of error three is overruled.

The judgment of the trial court, as reformed, is affirmed.