Mike Arnold **GUTIERREZ**, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 09–97–106 CR.**

Court of Appeals of Texas, Beaumont.

Submitted on Oct. 3, 1997.

Decided Oct. 8, 1997.

Harold J. Laine, Jr., Beaumont, for appellant.

Tom Maness, Criminal District Attorney, Rodney D. Conerly, Assistant Criminal District Attorney, Beaumont, for appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

WALKER, Chief Justice.

Mike Arnold Gutierrez waived his right to a jury trial and pleaded guilty, without the benefit of a plea bargain, to the third degree felony offense of driving while intoxicated. The trial court assessed a ten year sentence of incarceration in the Texas Department of Criminal Justice, Institutional Division. Appellant presents a single argument combining four points of error:

Point of error one: The trial court committed reversible error by cumulating the instant sentence upon already existing sentences for the reason that there existed insufficient evidence in the record to support such order.

Point of error two: The trial court committed reversible error by cumulating the instant sentence upon already existing sentence for the reason that the order cumulating said sentence was insufficient.

Point of error three: The trial court committed reversible error by cumulating the instant sentence upon already existing sentences for the reason that the order cumulating said sentence is void.

Point of error four: The trial court abused its discretion in cumulating the instant sentence for the reason that there existed insufficient evidence upon which the trial court could base its decision.

■ All four points of error challenge the trial court's order cumulating the instant sentence with the sentences imposed for prior convictions identified in the judgment only by cause numbers. A cumulation order should include: 1) the trial court number of the prior conviction; 2) the correct name of the court where the prior conviction was taken; 3) the date of the prior conviction; 4) the term of years of the prior conviction; and 5) the nature of the prior conviction. *Banks v. State,* 708 S.W.2d 460, 461 (Tex.Crim.App. 1986). A cumulation order should be specific enough to attain its purpose—informing the penitentiary authority definitely how long to detain the convict—without resort to evidence outside the judgment. *Id.* at 462. An insufficient order may be reformed to reflect the sentence actually imposed. *Id.*

■ The indictment alleged Gutierrez operated a motor vehicle in a public place while intoxicated, after having been twice previously convicted of a misdemeanor of driving while intoxicated. Additional paragraphs alleged Gutierrez had three prior felony convictions. The indictment includes specific allegations of the convicting court, county, cause number, and date of conviction for the three prior felonies. In assessing the sufficiency of the evidence to support the judgment, we consider the judicial confession, admitted as State's Exhibit 1 and appearing in the transcript. *Pitts v. State,* 916 S.W.2d 507, 510 (Tex.Crim.App.1996). Gutierrez signed a judicial confession admitting he committed each and every element alleged in the indictment. The record supports the conclusion that Gutierrez is serving the sentences in question; Gutierrez admitted the truth of every allegation in the indictment and the cumulated convictions are alleged in the indictment. Nothing adduced in the hearings or contained in the pre-sentence investigation report contradicts this conclusion. We hold the trial court's cumulation

order is supported by the evidence. Points of error one and four are overruled.

 In pronouncing the sentence, the trial court clearly expressed its intention that Gutierrez's sentence would commence after he completed serving his sentences for the felony convictions included in the indictment. Since the record contains the specific information preferred for cumulation orders, we may reform the judgment to reflect the sentence actually imposed by the trial court. *Banks,* 708 S.W.2d at 462; *Baltimore v. State,* 757 S.W.2d 80, 81–82 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd). Point of error two is sustained in part. Rather than reforming the judgment to delete the cumulation order, as urged by Gutierrez, we reform the judgment and sentence to specify when the sentence shall commence.

The convictions subject to the cumulation order may be sufficiently identified in the record. The trial court clearly had the statutory authority to enter a cumulation order in this case. TEX.CODE CRIM. PROC. Art. 42.08 (Vernon Supp.1997). We hold the cumulation order is not void. *Compare Robbins v. State,* 914 S.W.2d 582, 583–84 (Tex.Crim.App. 1996) (improper cumulation under Penal Code Section 3.03). Point of error three is overruled.

 Without assigning error, Gutierrez mentions he did not plead true to the enhancement paragraphs and the judgment should be reformed to so reflect. An oral reading and plea to the enhancement portion of an indictment is not required in the penalty stage of a bench trial. *Reed v. State,* 500 S.W.2d 497, 499 (Tex.Crim.App.1973), *overruled on other grounds in Ex parte Taylor,* 522 S.W.2d 479 (Tex.Crim.App.1975); *compare,* TEX.CODE CRIM. PROC. ANN. arts. 36.01 & 37.07 (Vernon 1981 & Supp.1997) (jury trials). We decline to reform the judgment in the manner requested by the appellant.

That portion of the judgment which recites the sentence is reformed to read: "The sentence of ten years' confinement imposed herein upon the Defendant, Mike Arnold Gutierrez, by virtue of conviction for driving while intoxicated in Cause No. 73071, from the Criminal District Court of Jefferson County, Texas, shall begin when the judgments and sentences from the 252nd District Court of Jefferson County, Texas, for forgery in Cause No. 61412, for forgery in Cause No. 61525, and for possession of a controlled substance (cocaine) in Cause No. 63030, shall have ceased to operate." The judgment and sentence is reformed, and as reformed, is affirmed.

AFFIRMED AS REFORMED.