In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00036-CV


______________________________




IN THE MATTER OF THE MARRIAGE OF


EMILY AARON MILLER AND


JUSTIN RANDALL MILLER

AND IN THE INTEREST OF JUSTIN RANDALL MILLER, II,

AND VICTORIA LYNN MILLER, CHILDREN



 


On Appeal from the 402nd Judicial District Court


Wood County, Texas


Trial Court No. 2005-774




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Justin Randall Miller, appellant, has filed with this Court a motion to dismiss the pending
appeal in this matter. He represents to this Court that the parties have reached a full and final
settlement. In such a case, no real controversy exists, and in the absence of a controversy, the appeal
is moot.

 We grant the motion and dismiss this appeal.


 Jack Carter

 Justice


Date Submitted: April 22, 2008

Date Decided: April 23, 2008




 OPINION

            Jesse Wade Holt appeals from his conviction for aggravated assault. Two indictments were
tried together. A jury found Holt guilty, in a different numbered case, of evading arrest and, in this
case, of aggravated assault. The trial court sentenced Holt to twenty-five years' imprisonment for
evading arrest and forty-five years' imprisonment for aggravated assault. The sentences were
enhanced due to two prior felony convictions. See Tex. Pen. Code Ann. § 12.42(d) (Vernon Supp.
2005). The cases have been appealed separately.
            Because the briefs and arguments raised therein are identical in both appeals, for the reasons
stated in Holt v. State, cause number 06-05-00258-CR (evading arrest), we likewise resolve the
contested issues in this appeal in favor of the State.
            In its brief, the State concedes that several errors appear in the judgment issued by the trial
court. The State requests the judgment be reformed in three ways: (1) the pleas should be reformed
to reflect that Holt pled not true to the third paragraph in the indictment, yet the trial court found the
third paragraph to be true, (2) the judgment should be reformed to reflect that aggravated assault is
a second-degree felony, and (3) the judgment should be reformed to reflect the correct date of
judgment and sentencing. Holt agrees.
            This Court has the authority to reform the trial court's judgment under certain circumstances.
See Tex. R. App. P. 43.2(b); Bigley v. State, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). We
exercise such authority only when the proper action to be taken is clearly indicated and does not
involve an act of judicial discretion. An appellate court may correct and reform a trial court
judgment to make the judgment congruent with the record. Nelson v. State, 149 S.W.3d 206, 213
(Tex. App.—Fort Worth 2004, no pet.); Nolan v. State, 39 S.W.3d 697, 698 (Tex. App.—Houston
[1st Dist.] 2001, no pet.). Since we have all of the information and evidence necessary for
reformation on these matters, we may reform the judgment on appeal. See Brewer v. State, 572
S.W.2d 719 (Tex. Crim. App. 1978); Graham v. State, 693 S.W.2d 29, 31 (Tex. App.—Houston
[14th Dist.] 1985, no pet.).
            First, the State urges this Court to reform the judgment to reflect Holt's actual pleas. The
judgment states that Holt pled true to both enhancement paragraphs and also states that the trial court
found the first enhancement paragraph true and the second enhancement paragraph not true. The
record, though, clearly indicates that Holt pled true to the first enhancement paragraph and not true
to the second enhancement paragraph. In addition, the record clearly establishes the trial court found
both enhancements to be true. In these respects, the trial court's judgment should be reformed. See
Almand v. State, 536 S.W.2d 377, 379 (Tex. Crim. App. 1976).
            Second, the judgment lists aggravated assault as a first-degree felony. Although Holt was
indicted for aggravated assault on a public servant, a first-degree felony, the jury found Holt guilty
of the lesser-included offense of simple aggravated assault. Aggravated assault is a second-degree
felony. See Tex. Pen. Code Ann. § 22.02(b) (Vernon Supp. 2005). Accordingly, we reform the
judgment to reflect that Holt was convicted of aggravated assault, a second-degree felony
(enhanced).
            Third, the State urges us to reform the judgment to reflect the actual date the sentence was
imposed and the date of the judgment. The Texas Code of Criminal Procedure requires that
judgments reflect the date the judgment is entered and the date the sentence is imposed. See Tex.
Code Crim. Proc. Ann. art. 42.01, § 1(16), (17) (Vernon Supp. 2005). The judgment states the
sentence was imposed September 9, 2005. The record clearly shows that the trial court orally
rendered judgment and imposed the sentence September 8, 2005. In this respect, the trial court's
judgment should be reformed. Accordingly, we reform the judgment to reflect that the judgment was
rendered and the sentence was imposed September 8, 2005.
            We reform the judgment in this case, being F05-00835-UQ in the trial court, to reflect the
following:
(1) Holt pled true to the first enhancement paragraph—which was the second
paragraph in the indictment—and pled not true to the second enhancement
paragraph—which was the third paragraph in the indictment. The judgment is thus
reformed to read: "PLEA TO ENHANCEMENT PARAGRAPH(S): TRUE
2ND/NOT TRUE 3RD."
 
(2) The trial court found both enhancement paragraphs true. The judgment is thus
reformed to read: "FINDINGS ON ENHANCEMENT: TRUE 2ND & 3RD."
 
(3) The degree of the offense was a second-degree felony (enhanced).
 
(4) The date of both judgment and sentencing was September 8, 2005.

            We affirm the trial court's judgment, as reformed.


 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          May 1, 2006
Date Decided:             August 1, 2006

Do Not Publish