Alvin Lee **GRAYS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–93–01003–CR.

Court of Appeals of Texas, Dallas.

Oct. 17, 1994.

---

Karen Chilton Beverly, Duncanville, for appellant.

Sue Korioth, Dallas, for appellee.

Before KINKEADE, ROSENBERG and MORRIS, JJ.

## OPINION

MORRIS, Justice.

This is an incorrect admonishment case. We consider the effect of the trial court's incorrect admonishment about the minimum punishment Alvin Lee Grays could receive upon making his guilty plea. We set forth what a defendant must prove to show affirmatively that he was unaware of the conse-

quence of his plea as it relates to the range of punishment attached to an offense and that he was misled or harmed by a trial court's incorrect admonishment. Concluding appellant has shown neither that he was unaware of or misunderstood the correct punishment range for his offense nor that he was misled or harmed by the trial court's admonishment, we affirm the trial court's judgment.

In a trial before the court, appellant pleaded guilty to the offense of delivery of a controlled substance. There was no plea bargain agreement on punishment. Before accepting appellant's guilty plea, the trial court admonished him in writing that the punishment range for the charged offense was five to ninety-nine years or life imprisonment and a maximum fine of $20,000. This was incorrect. The correct punishment range for the charged offense, as enhanced by a prior conviction, was fifteen to ninety-nine years or life imprisonment and a fine not exceeding $10,000.[1] The trial court, therefore, incorrectly admonished appellant about both the minimum and maximum punishment he could receive. After finding the evidence substantiated appellant's guilty plea, the trial court found appellant guilty and assessed a fifty year sentence. The trial court did not assess a fine.

On appeal, appellant assigns error only to the trial court incorrectly admonishing him about the minimum punishment that could be imposed. In a sole point of error, he asserts the minimum punishment stated to him in writing, five years, was substantially less than the actual minimum punishment, fifteen years. He argues in his appellate brief, without reference to any part of the record, that "for all [he] knew, he was eligible for a minimum of five years." Appellant maintains this incorrect admonishment is not the type of error that is "harmless to the voluntariness of the plea." He claims the trial

1. Appellant's indictment alleged he delivered cocaine in an amount less than 28 grams. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), 481.112(a)(b) (Vernon 1992). This offense was enhanced by a prior felony conviction. *See* TEX.PENAL CODE ANN. § 12.42(c) (Vernon Supp. 1994). Appellant pleaded "true" to the enhancement paragraph in the indictment. The trial

court should have admonished appellant of the punishment range applicable to the enhanced offense. *See Gonzales v. State*, 746 S.W.2d 902, 904 (Tex.App.—Corpus Christi 1988, no pet.). *See also Taylor v. State*, 591 S.W.2d 826, 828 (Tex.Crim.App. [Panel Op.] 1979); *Teamer v. State*, 557 S.W.2d 110, 112 (Tex.Crim.App.1977).

court erred in accepting his guilty plea because the incorrect admonishment caused his plea to be made unknowingly and involuntarily. We disagree.

Article 26.13(a)(1) of the Texas Code of Criminal Procedure requires a trial court to admonish a defendant about the punishment range attached to an offense before accepting a plea of guilty or nolo contendere. *See* TEX.CODE CRIM.PROC.ANN. art. 26.13(a)(1) (Vernon 1989); *Hughes v. State*, 833 S.W.2d 137, 139 (Tex.Crim.App.1992). An admonishment that substantially complies with article 26.13(a)(1) is sufficient. *See* TEX.CODE CRIM. PROC.ANN. art. 26.13(c) (Vernon 1989). When the record reflects a trial court admonished a defendant under article 26.13(a)(1), even though incorrectly, *and* in fact assessed punishment within the actual and stated range for the offense, substantial compliance will be deemed to have occurred, and there is a *prima facie* showing that the defendant's plea was knowing and voluntary. *See Hughes*, 833 S.W.2d at 140; *Robinson v. State*, 739 S.W.2d 795, 801 (Tex.Crim.App. 1987). Once it is shown a trial court substantially complied with article 26.13(a)(1) and that a defendant's plea was *prima facie* knowing and voluntary, the burden shifts to the defendant to show affirmatively both that he was unaware of the consequences of his plea and that he was misled or harmed by the trial court's admonishment. *See* TEX. CODE CRIM.PROC.ANN. art. 26.13(c) (Vernon 1989); *Robinson*, 739 S.W.2d at 801. If substantial compliance has not occurred, the burden never shifts to the defendant, and harm is presumed as a matter of law. *See Whitten v. State*, 587 S.W.2d 156, 158 (Tex. Crim.App.1979) (op. on reh'g).

■ Although the trial court in this case incorrectly admonished appellant about the minimum punishment he could receive, the court nonetheless did admonish him. The trial court also assessed punishment both within the actual range for the offense and the incorrectly stated range. Consequently, the trial court's admonishment substantially complied with article 26.13(a)(1), and appellant's guilty plea was *prima facie* knowing and voluntary. The burden shifted to appellant to show otherwise.

The issue becomes, therefore, whether appellant has shown affirmatively that, despite the trial court's substantial compliance with article 26.13(a)(1), he was not aware of the consequence of his plea as it related to the correct range of punishment for his offense and was misled or harmed by the court's admonishment. *See* TEX.CODE CRIM.PROC. ANN. art. 26.13(c) (Vernon 1989). Before we decide whether appellant has met the requirements of article 26.13(c), we first must determine what his burden is under this statute.

An "affirmative" showing requires more than a defendant's unsupported, subjective assertion that he did not know the punishment range for his offense, that he would not have entered the plea in question had he been correctly admonished, or that he was misled or harmed by the trial court's admonishment. *See Ex parte Gibauitch*, 688 S.W.2d 868, 872 (Tex.Crim.App.1985); *Sanchez v. State*, 854 S.W.2d 677, 680–81 (Tex. App.—Dallas 1993, no pet.); *Myers v. State*, 780 S.W.2d 441, 445 (Tex.App.—Texarkana 1989, pet. ref'd). And a defendant cannot, as appellant attempts to do, make an affirmative showing by relying solely on the fact that the trial court's admonishment on the range of punishment was incorrect. Even given an incorrect admonishment, a defendant may otherwise know or understand the correct range of punishment before the trial court accepts his plea. In such event, a defendant would be aware of that particular consequence of his plea despite the trial court's incorrect admonishment. The same is true for the other consequences of a defendant's plea described in article 26.13(a). Furthermore, the fact a trial court incorrectly admonished a defendant about the range of punishment does not lead necessarily to the conclusion that the defendant was misled or harmed. A defendant's decision to plead guilty may not have been adversely affected at all by the incorrect admonishment. This is especially true if the court's admonishment does not mislead a defendant into pleading guilty and foregoing another choice that potentially could result in a more favorable sentence.

■ Accordingly, when the consequence of a defendant's plea relates to the range of

punishment for the charged offense, we hold that to constitute an affirmative showing under article 26.13(c), a defendant must show by evidence grounded in a judicial record subject to review both his lack of knowledge or understanding about the punishment range for his offense and, objectively, the manner in which he was misled or harmed. Depending on the particular case, the record of the plea hearing itself may provide sufficient evidence to show affirmatively these circumstances. *Cf. Hurwitz v. State,* 700 S.W.2d 919, 921 (Tex.Crim.App.1985), *cert. denied,* 474 U.S. 1102, 106 S.Ct. 884, 88 L.Ed.2d 919 (1986). Of course, the posture of a case may be such that this burden cannot be met absent an evidentiary record developed independent of the plea hearing. *See* Tex.R.App.P. 30.

■ Applying the above standards to this case, we conclude appellant has failed to meet his burden of showing affirmatively that he was unaware of or misunderstood the range of punishment for the offense and was misled or harmed by the trial court's admonishment. Appellant's bare, subjective assertion in his appellate brief that "for all [he] knew, he was eligible for a minimum of five years" is insufficient to show affirmatively that he did not know or understand the correct range of punishment attached to the offense. Such an assertion at best is argument only. And there is nothing in the record before us indicating appellant did not know the true range of punishment for the offense charged. Appellant has failed to establish through evidence in the appellate record that he did not otherwise have knowledge or an understanding of the punishment range before the trial court accepted his open guilty plea.

Further, appellant in his brief does not allege the manner in which he was misled or harmed by the trial court's admonishment. Although the trial court incorrectly admonished appellant, we are unable to discern how he was misled or harmed by making his guilty plea. There was no plea bargain agreement for punishment in this case. *Compare Ex parte Smith,* 678 S.W.2d 78, 79 (Tex.Crim.App.1984) (incorrect admonishment on punishment range misled appellant regarding actual value of plea bargain agreement he accepted), *with Gibauitch,* 688 S.W.2d at 872–73 (appellant's decision to plead guilty openly was not affected by incorrect admonishment on range of punishment where no plea bargain agreement on punishment was involved). Nothing in the record before us indicates appellant was misled by the trial court's admonishment into making a guilty plea and foregoing another choice that potentially could have resulted in a more favorable sentence. In fact, appellant faced the same prospects for punishment regardless of whether he chose to plead guilty or go to trial. In effect, appellant has not shown affirmatively that the trial court's admonishment adversely affected his decision to make a guilty plea or misled or harmed him in any way.

Because appellant has failed to show affirmatively he was unaware of the consequence of his plea as it related to the range of punishment attached to the offense and that he was misled or harmed by the trial court's admonishment, he has likewise failed to rebut the *prima facie* showing that his guilty plea was knowing and voluntary. Accordingly, we conclude appellant knowingly and voluntarily pleaded guilty and that the trial court did not err in accepting appellant's plea. We overrule appellant's sole point of error.

We affirm the trial court's judgment.