Affirmed and Memorandum Opinion filed May 1, 2008








Affirmed and Memorandum Opinion filed May 1, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

                                                         


NO. 14-07-00763-CR

_______________

 

JAUNEY DARCILA WHEELER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 180th District Court

Harris County, Texas

Trial Court Cause No. 1072791

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

Appellant, Jauney Darcila Wheeler,
appeals her conviction for aggravated robbery, contending that the trial erred
by denying her motion to suppress involuntary custodial statements.  We affirm.

Background

On June 11, 2006, Christopher
Washington was found dead on a porch, having been shot several times.   Officer
Todd Miller, investigating the crime, recovered Washington=s cell phone and contacted appellant,
the last person with whom Washington had spoken on that cell phone. 








On June 12, 2006, appellant
voluntarily came to the Houston police homicide division and spoke to Officer
Miller in an interrogation room.  She drove her own vehicle.  Appellant was
informed by Officer Miller that she was free to leave and that she was not
under arrest. Appellant was not frisked and she was not handcuffed. Officer
Miller conducted the interview in plain clothing and wore no firearm.

Appellant told Officer Miller what
had transpired the previous evening, but Officer Miller did not believe her
because there were inconsistencies in her story.  When confronted with these
inconsistencies, appellant began to cry.  At about 5:30 p.m., Officer Miller read
appellant her Miranda rights for the first time.[1]
 See Miranda v. Arizona, 384 U.S. 436 (1966).

Appellant then told Officer Miller
that she had driven a man named Clay to Washington=s residence with the intent to rob
Washington.[2]  Appellant
told Officer Miller that Clay shot and killed Washington.  She consented to having
her statement recorded, and her Miranda rights were read to her again. 
She then took Officer Miller to Clay=s residence and to the scene of the
shooting.  She later was arrested in connection with the shooting death of 
Washington.

Appellant filed a motion to suppress
and it was considered at a hearing before the trial court over three days,
December 4-6, 2006.  After denying appellant=s motion to suppress, and accepting
appellant=s guilty plea on April 27, 2007, the trial court sentenced appellant to
20 years in prison.[3]








Standard of Review

 An involuntary plea must be set
aside.  See Tex. Code Crim. Proc. Ann. art. 26.13(b) (Vernon 2007);
Boykin v. Alabama, 395 U.S. 238, 242-43, (1969).  Before the prosecution
can introduce a defendant=s incriminating statement obtained during a custodial
interrogation, the trial court must find that the defendant voluntarily,
knowingly, and intelligently waived her Miranda rights.[4] 
See Mitchel v. State, C S.W.3d C, No. 01-06-00369-CR, 2008 WL 339696,
at *3 (Tex. App.CHouston [1st Dist.] Feb. 7, 2008, no pet.).  The trial court
is the sole trier of fact at a suppression hearing and is entitled to almost
complete deference.  Torres v. State, 182 S.W.3d 899, 902 (Tex. Crim.
App. 2005).  When there is conflicting evidence about whether a confession was
voluntary, the trial court is the sole judge of facts at the suppression
hearing, and an appellate court may not disturb any finding supported by the
evidence.  Dunn v. State, 721 S.W.2d 325, 336 (Tex. Crim. App. 1986) abrogated
by Creager v. State, 952 S.W.2d 852, 856  (Tex. Crim. App. 1997).   

AThe determination of whether a
statement is voluntary is a mixed question of law and fact, i.e., an
application of law to a fact question.@  Garcia v. State, 15 S.W.3d
533, 535 (Tex. Crim. App. 2000).  If the record supports the trial court=s findings, those findings will not
be disturbed.  Jones v. State, 944 S.W.2d 642, 650 (Tex. Crim. App.
1996).  We will only consider whether the trial court properly applied the law
to the facts.  Id. 








The burden of proof at a suppression
hearing is on the prosecution, which must prove by a preponderance of the
evidence that the defendant=s statement was given voluntarily.  Alvarado v. State,
912 S.W.2d 199, 211 (Tex. Crim. App. 1995).  AThe test is whether the defendant=s will was >overborne= by police coercion.@ Mason v. State, 116 S.W.3d
248, 257 (Tex. App.CHouston [14th Dist.] 2003, pet. ref=d) (citing Guardiola v. State,
20 S.W.3d 216, 223 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d)).  The voluntariness of a
statement is subject to a totality of the circumstances test.  Id. 
Among the factors that mitigate against the voluntariness of a statement are
police falsehoods.  See Frazier v. Cupp, 394 U.S. 731, 739 (1969). 
Likewise, mental capacity is always a factor in assessing the voluntariness of
a statement.  See Mincey v. Arizona, 437 U.S. 385, 398-99 (1978); Henry
v. Dees, 658 F.2d 406, 411 (5th Cir. 1981) (AWhen persons of markedly limited
mental ability . . . are questioned without the aid of counsel, issues of >suggestibility and possible
overreaching are raised= . . . and must be factored into a consideration of the
totality of the circumstances.@ (citing Jurek v. Estelle, 623 F.2d 929, 938 (5th Cir.
1980)).

Analysis

Appellant contends the trial court
erred in denying her motion to suppress because appellant, at age 21 and having
only gone through the eleventh grade, did not voluntarily give her statement to
Officer Miller because she felt intimidated and did not understand the Miranda
warnings given to her.  

Appellant testified that Officer
Miller yelled at her, intimidating her into confessing, and that she felt she
was not free to leave the interrogation room once brought there.   Appellant
testified that she believed she would get to go home if she cooperated.  
Appellant also testified that she believed that she would spend the rest of her
life in prison if she did not tell Officer Miller what had happened on June 11,
2006, and that she would get to go home if she did so.  She claims that, by the
time she gave her recorded statement, she was just telling Officer Miller what she
felt he wanted to hear so she could go home.








Officer Miller and Officer Tyler also
testified at the suppression hearing.  They testified as to their recollection
of events surrounding appellant=s confession.  Their testimony indicated that appellant was
informed, from the inception, that she was not under arrest and free to go at
any time.  She came in her own car, bringing a friend and the friend=s children; was offered a beverage;
and was allowed to use the restroom during the interview.  Officer Miller
testified that he did not intimidate appellant in any way, and that appellant=s testimony was given freely and of
her own accord.  Officer Miller testified that appellant was read her Miranda
rights on two occasions: when appellant first began to tell inconsistent
versions of what had transpired on the day in question, and then again on tape
before she voluntarily gave a recorded statement to Officer Miller.  Officer
Miller testified that she appeared lucid and seemed to understand the Miranda
warnings.

The trial court also heard testimony
concerning appellant=s education and work history.  Appellant testified that she
dropped out of high school in the eleventh grade to attain work, but had done
well in her classes.  Appellant testified that her work history included
cashiering, food production, and caring for children.  The trial court noted
that appellant appeared to be Aan intelligent woman for her age.@  No evidence of a low intelligence
quotient or mental illness was presented.

The trial court filed findings of fact
based upon the testimony at the suppression hearing.  Among these were findings
that appellant was sober, uninjured, alert and cooperative throughout the
process; that she had been told explicitly that she was free to leave at any
time; that Officer Miller read appellant her Miranda rights in
compliance with the Code of Criminal Procedure Art. 38.22; that appellant made
inconsistent statements to Officer Miller; that appellant told Officer Miller
of her plan to rob Washington; that appellant agreed to make a statement and
have it recorded; that the recording was done in compliance with section 2 of
article 38.22 of the Code of Criminal Procedure and Miranda; that
appellant=s recorded testimony included a recital that she understood her rights
and intelligently, knowingly, and voluntarily waived those rights before giving
her testimony; that at no time did the police threaten, coerce, abuse,
intimidate or mistreat appellant or offer any promises or inducements to gain a
confession; and that in participating in each interview, appellant knowingly,
intelligently, and voluntarily gave up and waived the rights set out in section
2 of article 38.22 of the Code of Criminal Procedure.








The trial court=s findings of fact clearly accepted
the testimony of Officers Miller and Tyler and disregarded the testimony of the
appellant concerning the conduct of the interview and eventual confession.  See
Torres, 182 S.W.3d at 902; Dunn, 721 S.W.2d at 336.  Based upon its
findings of fact, the trial court concluded: AAll statements made by the defendant
to police officers were made in full compliance with the United States
Constitution and laws as well as the Constitution and statutes of the State of
Texas and are therefore admissible in evidence against the defendant at any
trial on the merits of this case.@ 

The ruling of the trial court in
denying appellant=s motion to suppress the statements made to police is
supported by sufficient evidence in the record, and will not be disturbed.  Jones,
944 S.W.2d at 650.  

Accordingly, the judgment of the
trial court is affirmed.

 

 

 

/s/        William J. Boyce

Justice

 

Judgment rendered and Memorandum
Opinion filed May 1, 2008.

Panel consists of Chief Justice
Hedges, Justices Anderson and Boyce.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 

 









[1]           While no definitive time is established in
the record, the officers contend that appellant came to the police station in
the early afternoon.





[2]           The State=s brief interchangeably uses ACory@ and AChris@ to refer to the victim and ACory@ to discuss
appellant=s alleged accomplice.  AClay@ is the name of the alleged accomplice in the record
and Chris is the abbreviated name of the victim, Christopher Washington.  We
have found no ACory@ in the record.





[3]           The trial court=s certification stated that there was no plea bargain
in this case and that the appellant had the right to appeal.  In an apparent
contradiction, the trial court also checked the box indicating that appellant
had waived her right to an appeal.  The State, however, concedes appellant=s right to appeal.





[4]           The Code of Criminal Procedure requires the
trial court to admonish a defendant, either orally or in writing, before
accepting a guilty plea in a felony case.  Tex. Code Crim. Proc. Ann. Art
26.13(a) (Vernon 2007).  While the guilty plea was not recorded, the record
does contain the admonishments made by the court, and as such there is a prima
facie showing that the plea was entered voluntarily and knowingly.  Grays v.
State, 888 S.W.2d 876, 878 (Tex. App.CDallas
1994, no pet.)