COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| MICHAEL DEWAYNE DAVIS, | § | No. 08-08-00125-CR |
|  | § |  |
| Appellant, | § | Appeal from the |
|  | § |  |
| V. | § | 195th Judicial District Court |
|  | § |  |
| THE STATE OF TEXAS, | § | of Dallas County, Texas |
|  | § |  |
| Appellee. | § | (TC# F-0753628-N) |
|  | § |  |
|  | § |  |

**O P I N I O N**

Michael Davis was convicted of aggravated robbery with a deadly weapon, enhanced by two prior felony convictions. He made an open plea of guilty to the offense, and pled true to both enhancements. The trial court sentenced Appellant to 25 years' imprisonment. He raises on appeal a single issue that his plea was involuntary due to the trial court's erroneous admonishments regarding the range of punishment.

Appellant was charged with aggravated robbery with a deadly weapon. The indictment included two enhancement paragraphs stating that he had been twice convicted of felony offenses prior to the current charges. Appellant entered into a plea agreement with the State, in which he agreed to enter an open guilty plea to the aggravated robbery charge, and plead true to the enhancement paragraphs. The court's written admonishments, included in the plea bargain, stated that Appellant was charged with a first degree felony offense, punishable by five to ninety-nine years imprisonment.

Appellant went before the court on January 18, 2008, and entered an open plea of "guilty" to the charged offense, aggravated robbery with a deadly weapon. The court questioned Appellant on his understanding of the range of punishment available for the charged offense, and Appellant indicated he had discussed the potential range of punishment with his attorney. Appellant confirmed that he was a citizen of the United States, and that he was competent, and entered the plea freely and voluntarily. During direct examination by his attorney, Appellant stated that he had been advised as a result of his open plea the trial court would have "the full range of punishment available," and that he could be sentenced to anything from probation to "25 years and beyond."

Sentencing was held on February 28, 2008. The court inquired whether Appellant was aware that, in addition to the offense in the indictment, he was also charged with having two prior felony convictions. Appellant stated that he understood the enhancement paragraphs regarding his prior offenses, and plead "true" to both. The court accepted Appellant's guilty plea, as well as his plea to the enhancements, and following Appellant's testimony regarding his drug addition and desire to be placed in a treatment facility, sentenced Appellant to twenty-five years' imprisonment.

In a single point of error, Appellant argues that the trial court failed to substantially comply with its statutory duty to admonish him regarding the full range of punishment available due to the conflict between the five-year minimum punishment included in the court's written admonishments, and the court's verbal admonishment that the minimum punishment was twenty-five years' imprisonment. Based on this conflict, Appellant concludes he did not enter his plea voluntarily, and requests that this Court reverse the conviction and remand the case for new trial.

Article 26.13(a)(1) of the Texas Code of Criminal Procedure requires a trial court to admonish a defendant about the full punishment range associated with the charged offense before accepting a plea of guilty, or non contendere. *See* TEX.CODE CRIM.PROC.ANN. 26.13(a)(1)(Vernon Supp. 2009); *Hughes v. State*, 833 S.W.2d 137, 139 (Tex.Crim.App. 1992). An admonishment that substantially complies with the statutory requirement is sufficient. *See* TEX.CODE CRIM.PROC.ANN. 26.13(c); *Vannortrick v. State*, 227 S.W.3d 706, 708 (Tex.Crim.App. 2007). When the record reflects the defendant was admonished under Article 26.13(a)(1), and that the punishment assessed was within the actual and stated range for the offense, there is a *prima facie* showing that the defendant's plea was voluntary even if the record also demonstrates the admonishment itself was incorrect. *Grays v. State*, 888 S.W.2d 876, 878 (Tex.App.--Dallas 1994, no pet.). Once a substantial compliance is established, it is the defendant's burden to affirmatively demonstrate that he was both unaware of the consequences of his plea, and that he was harmed by the court's admonishment. *See* TEX.CODE CRIM.PROC.ANN. 26.13(c); *Grays*, 888 S.W.2d at 878.

While Article 26.13 is designed to protect a criminal defendant's constitutional rights, the admonishments themselves are not of constitutional magnitude, and a failure to comply with the statute is non-constitutional error. *See Carranza v. State*, 980 S.W.2d 653, 656 (Tex.Crim.App. 1998). If the record does not demonstrate substantial compliance occurred, the defendant is relieved of his burden, and harm will be presumed as a matter of law. *See Whitten v. State*, 587 S.W.2d 156, 158 (Tex.Crim.App. 1979).

The State concedes that the trial court's written admonishment, that the range of punishment was five to ninety-nine years, or life was incorrect. *See* TEX.PENAL CODE ANN.

§§ 12.32(a), 12.42(d)(Vernon Supp. 2009)(providing the sentencing range for aggravated robbery is five to ninety-nine years, and increasing the minimum punishment to twenty-five years due to the two enhancements). However, because Appellant was admonished regarding the punishment range, and the punishment actually imposed was within the stated range for the offense, the trial court substantially complied with the statute. *See Singleton v. State*, 986 S.W.2d 645, 651 (Tex.App.--El Paso 1998, pet. ref'd).

Having concluded the trial court substantially complied with Article 26.13(a), it is Appellant's burden to demonstrate that he was unaware of the consequences of his plea, and harmed by the claimed inconsistency. *See Grays*, 888 S.W.2d at 878. Appellant argues that the trial court's inconsistent admonishments regarding the minimum punishment, left Appellant to speculate what the minimum was as though admonishment had not been provided at all. We do not agree that Appellant's assertion that he was "left to speculate" is sufficient to meet his burden, or that it is supported by the record.

An "affirmative" showing requires more than the defendant's subjective assertion that he did not understand the range of punishment available. *See Sanchez v. State*, 854 S.W.2d 677, 680-81 (Tex.App.--Dallas 1993, no pet.). Were we to hold, as Appellant advocates here, that a trial court's incorrect admonishment alone, was sufficient to meet Appellant's burden, we would effectively erase the "substantial compliance" standard from Article 26.13, thereby violating our duty to interpret the laws as enacted by the Legislature. *See State v. Mason*, 980 S.W.2d 635, 638 (Tex.Crim.App. 1998). In addition, the record in this case demonstrates that Appellant conferred with his lawyer regarding the range of punishment, that he understood the range to include "[twenty-five] years, and beyond," and that it was within the trial court's discretion,

given Appellant's open plea, to assess punishment anywhere within the allowable range. Having concluded the trial court substantially complied with the requirements of Article 26.13(a)(1), and that Appellant has not established he was unaware of the full range of punishment due to the trial court's incorrect written admonishment, there is no need to address the issue of harm.

We therefore overrule Issue One, and affirm the trial court's judgment.


April 21, 2010

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)