Affirmed and Memorandum Opinion
filed March 22, 2011

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00743-CR



Michael Dewayne
Thompson, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 263rd District Court

Harris County, Texas

Trial Court Cause
No. 1154570



 

MEMORANDUM OPINION 

            In
this appeal from an adjudication of guilt, the appellant, Michael Dewayne
Thompson, contends that he never stipulated in his “guilty” plea to possession
of cocaine “with intent to deliver” and therefore his forty-five-year sentence
exceeded the appropriate range of punishment.  We affirm.

I

            In
February 2008, the appellant was charged with the felony offense of possession
with intent to deliver cocaine weighing at least 400 grams.  The State later
reduced the offense to possession with intent to deliver cocaine weighing 4 to
200 grams, a first-degree-felony offense.  The appellant pleaded “guilty” to
the charge.  The trial court deferred proceedings without entering an
adjudication of guilt, placed the appellant on community supervision for seven
years, and assessed a fine of $300.  

            In
November 2008, the State moved to adjudicate guilt.  In July 2009, the State
amended its motion to adjudicate and the appellant pleaded “not true” to the
motion.  After a hearing, the trial court found the appellant had violated the
terms and conditions of community supervision, granted the State’s motion to
adjudicate guilt, found the appellant guilty of possession with intent to
deliver cocaine, weighing 4 to 200 grams, and sentenced appellant to forty-five
years’ confinement in the Texas Department of Criminal Justice, Institutional
Division.  This appeal followed.

II

            In
a single issue, the appellant contends he stipulated to possession of cocaine
weighing 4 to 200 grams, but he did not stipulate to intent to deliver, and
therefore his forty-five-year sentence exceeded the maximum punishment of
twenty years for the second-degree felony of possession.[1]

            Prior to accepting a plea of “guilty,” the trial court must
admonish the defendant of the range of punishment attached to the offense.  Tex.
Code Crim. Proc. art. 26.13(a)(1).  Substantial compliance is sufficient unless
the defendant affirmatively shows that he was not aware of the consequences of
his plea and that he was misled or harmed by the admonishment of the court.  Id.
art. 26.13(c).  An affirmative showing requires more the appellant’s “bare,
subjective assertion” in his appellate brief that he did not know the correct
range of punishment, that he would not have entered the plea in question had he
been correctly admonished, or that he was misled or harmed by the trial court’s
admonishment.  Grays v. State, 888 S.W.2d 876, 878 (Tex. App.—Dallas
1994, no pet.).  

            In this case, there is no more than a “bare,
subjective assertion” in the appellant’s brief concerning the alleged excessive
punishment, and it is contradicted by the record.  To support his assertion
that he pleaded “guilty” only to the second-degree offense of possession of 4
to less than 200 grams of cocaine, the appellant points to the following handwritten
notation on his plea agreement:  “I hereby admit, agree, and stipulate that, on
the above date, I intentionally and knowingly possessed the 22 grams of cocaine
seized after that amount was observed thrown by my hand.”  The appellant also
stipulated that he was not in possession of 564 grams of cocaine recovered from
the bedroom of a residence or another 125 grams of cocaine found in a shoebox. 
The appellant contends that this shows that he stipulated only to possession—but
not intent to deliver—and therefore his sentence exceeded the twenty-year
maximum for a second-degree felony offense.

            The
entirety of the record, however, does not support the appellant’s assertion.  The
plea agreement, entitled “Waiver of Constitutional Rights, Agreement to
Stipulate, and Judicial Confession,” reflects the State’s motion to reduce the
offense to the first-degree felony offense of possession with intent to deliver
cocaine weighing 4 grams or more but less than 200 grams.  The appellant also confessed,
“I understand the above allegations and I confess that they are true and that
the acts alleged above were committed on February 19, 2008.”  In context, it is
apparent that the appellant’s handwritten statements were directed to the amount
of cocaine possessed, and simply did not address the intent-to-deliver
allegation.  Moreover, the appellant expressly denied possessing greater
quantities of cocaine, but he did not expressly deny that he possessed the
lesser amount of cocaine “with intent to deliver.”  

            Further,
the written admonishments, which the appellant signed, provide that he is
“charged with the felony offense of PCS wID 4-200 g” with the following range
of punishment:

FIRST DEGREE FELONY: a term of life or any term of not more
than 99 years or less than 5 years in the Institutional Division of the Texas
Department of Criminal Justice, and in addition, a fine not to exceed
$10,000.00 may be assessed; if enhanced with one prior felony conviction, a
term of life or any term of not more than 99 years or less than 15 years in the
Institutional Division of the Texas Department of Criminal Justice, and in
addition, a fine not to exceed $10,000.00 may be assessed[.]

Similarly,
the Order of Deferred Adjudication recites that the appellant entered a plea of
“guilty” to the offense of “POSSESSION WITH INTENT TO DELIVER A CONTROLLED
SUBSTANCE 4-200 GRAMS, NAMELY COCAINE,” a “1ST DEGREE FELONY.”  The “Conditions
of Community Supervision,” which the appellant also signed, recites that the
appellant was “granted 7 years community supervision for the felony
offense of Possession With Intent [to] Deliver A Controlled Substance.” 


            The
State’s original and amended motions to adjudicate guilt also recited that the
appellant “entered a plea of guilty for the felony offense of “POSSESSION WITH
INTENT [TO] DELIVER A CONTROLLED SUBSTANCE.”  At the start of the trial on the
State’s motion, the appellant’s counsel questioned him as follows:

            [Defense counsel]:  You’re before the Court,
you understand, charged with a motion to adjudicate, a first-degree felony
offense; is that right?

            [The appellant]:  Yes, ma’am.

            [Defense counsel]:  You understand the
punishment range is 5 to 99 or life in this case; is that correct?

            [The appellant]: Yes, ma’am.

Consistent
with the appellant’s understanding, the trial court’s judgment recites that the
trial court found the appellant guilty of “POSSESSION WITH INTENT TO DELIVER
COCAINE 4 <200 GRAMS,” a “1ST DEGREE FELONY.”

            It
is evident from the record that all of the parties below, including the
appellant, understood that he was pleading “guilty” to a first-degree felony
offense of possession “with intent to deliver.”  Contrary to the appellant’s
assertion in his appellate brief, his stipulation is not inconsistent with this
plea and does not invalidate it.  This court is not required to accept as fact
allegations or assertions in an appellant’s brief which are not supported by
the record.  See Beck v. State, 573 S.W.2d 786, 788 (Tex. Crim. App.
1988); Grays,
888 S.W.2d at 878.  The trial court properly admonished
the appellant concerning the range of punishment for the first degree felony
offense of possession with intent to deliver cocaine in an amount weighing 4
grams or more but less than 200 grams, and the appellant’s forty-five-year
sentence did not exceed the maximum sentence.  We therefore overrule the
appellant’s issue.

*
* *

            The
trial court’s judgment is affirmed.

 








                                                                                    

                                                                        /s/        Jeffrey
V. Brown

                                                                                    Justice

 

 

 

Panel consists of Justices Anderson,
Frost, and Brown.

Do Not Publish — Tex. R. App. P. 47.2(b).









[1]
Within this issue, the appellant also claims the trial court’s failure to
admonish him of the correct range of punishment, as required by article 26.13
of the Code of Criminal Procedure, means his plea was obtained in violation of
the Due Process Clause of the Fifth Amendment.  Because the appellant never
stipulated to possession with intent to deliver, he maintains, his “guilty”
plea was not “freely, voluntarily or knowingly” given.  To the extent the appellant
contends his plea was involuntary, we may not address his complaint in this
appeal.  Under Texas law, a judge may defer the adjudication of guilt of
particular defendants and place them on “community supervision” if they plead “guilty”
or “nolo contendere.”  Tex. Code Crim. Proc. art. 42.12 § 5(a).  If such a
defendant wishes to raise issues related to his “guilty” plea or deferred
adjudication, he must do so on direct appeal from the deferred-adjudication
order immediately after it is imposed; he may not wait until after he violates
the terms of his probation and is found guilty.  See Manuel v. State,
994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999).