**AFFIRM and Opinion Filed this 12th day of April, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-11-00906-CR**
**No. 05-11-00907-CR**

**ARTHUR JAMES HENDERSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause Nos. F10-63420-K, F11-70254-K**

## MEMORANDUM OPINION
Before Justices Moseley, Francis, and Lang
Opinion by Justice Lang

Arthur James Henderson appeals from two convictions for felony drug charges. Henderson pleaded guilty to possession with intent to deliver cocaine in an amount of four grams or more, but less than 200 grams, and possession with intent to deliver codeine in an amount of 28 grams or more, but less than 200 grams.

In his first issue, Henderson argues the record contains insufficient evidence that his offenses were committed within a drug-free zone. In his second issue, Henderson contends the trial court improperly admonished him as to "the enhancements alleged" and the range of punishment.

Both indictments contained paragraphs specifically alleging the offenses occurred in a drug-free zone, that is, within 1,000 feet of the Joseph McMillan Community Center. Henderson waived his right to a jury trial and pleaded guilty. At the plea hearing, the State offered into evidence Henderson's signed judicial confessions in both cases, each of which tracked the language of the indictments, including allegations the offenses occurred in a drug-free zone. At the punishment hearing, the trial court assessed punishment in each case at fifteen years' confinement and a fine of $1,000.

We decide against Henderson on both issues and affirm the trial court's judgment. Because all dispositive issues are clearly settled in law, we issue this memorandum opinion. *See* Tex. R. App. P. 47.4.

## I. SUFFICIENCY OF THE EVIDENCE

In his first issue, Henderson argues the State failed to present sufficient evidence that the offenses occurred in a drug-free zone. The record reflects Henderson signed judicial confessions in both cases, admitting to every element of the primary offenses, specifically admitting the offenses were committed "within 1,000 feet of the premises of the Joseph McMillan Community Center." The community center was described by language tracking the statutory definitions of "playground" and "youth center" in section 481.134. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.134 (West 2010 & Supp. 2012). The confessions were admitted into evidence at the plea hearing without objection. A judicial confession standing alone is sufficient to support a guilty plea as long as it covers all the elements of the charged offense. *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009); *see also Torres v. State*, 391 S.W.3d 179, 184 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) (concluding judicial confession admitting to enhancement allegations was sufficient evidence to support implied findings on enhancement paragraph).

Next, as part of his argument on the first issue, Henderson asserts "the drug-free zone enhancement paragraph is a separate issue from the finding of guilt" to which the trial court should have given him "an opportunity to make a separate plea." However, Henderson does not explain how the case he cites, *Young v. State*, requires a separate plea of true to the drug-free zone allegations. *See Young v. State*, 14 S.W.3d 748, 750 (Tex. Crim. App. 2000) (citing *Jackson v. Virginia*, 443 U.S. 307, 318 (1979)); s*ee also O'Brien v. State*, 154 S.W.3d 908, 910 (Tex. App.—Dallas 2005, no pet.) (*Jackson* legal sufficiency standard inapplicable when defendant enters guilty plea). Further, Henderson testified he pleaded guilty "to these two offenses exactly as they are alleged." *See also Johnson v. State*, No. 05-05-01451-CR, 2007 WL 806317, at *3 (Tex. App.—Dallas Mar. 19, 2007, no pet.) (concluding trial court did not err by adjudicating the drug-free zone allegation as part of appellant's guilty plea rather than by entering a separate plea); *Torres*, 391 S.W.3d at 183 (plea of guilty to an indictment containing enhancement allegations constitutes a plea of true to the enhancement allegations).

Finally, Henderson contends the trial court erred by failing to make an oral pronouncement or finding at sentencing. However, a trial court is not required to make an oral pronouncement or finding the offenses occurred in a drug-free zone. *See Gutierrez v. State*, 952 S.W.2d 947, 949 (Tex. App.—Beaumont 1997, no pet.) (oral reading and plea to enhancement portion of indictment not required in the penalty stage of a bench trial) (citing *Reed v. State*, 500 S.W.2d 497, 499 (Tex. Crim. App. 1973), *overruled on other grounds in Ex parte Taylor*, 522 S.W.2d 479 (Tex. Crim. App. 1975)).

On this record, we conclude the evidence is sufficient. We decide against Henderson on his first issue.

## II. TRIAL COURT'S ADMONISHMENTS

In his second issue, Henderson asserts the trial court improperly admonished him as to the ranges of punishment for the offenses because "[p]roof of the drug-free zone allegations was not presented." The State responds by stating the trial court substantially complied with article 26.13 by admonishing Henderson of the punishment range applicable to each offense. Henderson also complains the trial judge incorrectly admonished Henderson that he committed his offenses near a "school" when the indictments allege the offenses were committed "within 1,000 feet of the premises of the Joseph McMillan Community Center," and those facilities were described by tracking the language from the statutory definitions of "playground" and "youth center" in section 481.134 of the Texas Health and Safety Code.

### A. Standard of Review & Applicable Law

Article 26.13 of the Texas Code of Criminal Procedure requires the trial court to give certain admonishments before accepting a plea of guilty, including the range of the punishment attached to the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13 (West 2009 & Supp. 2012). In admonishing the defendant as provided by article 26.13, "substantial compliance is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the [trial] court." *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(c). When the trial court issues an inaccurate punishment-range admonishment, but sentences the defendant within both the actual and misstated range, the admonishment substantially complies with article 26.13. *See In re T.W.C.*, 258 S.W.3d 218, 222 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (citing TEX. CODE CRIM. PROC. ANN. art. 26.13; *Robinson v. State*, 739 S.W.2d 795, 801 (Tex. Crim. App. 1987) (per curiam)).

"A trial court's substantial compliance with article 26.13 in admonishing a defendant constitutes a prima facie showing that the defendant's guilty plea was entered freely and

voluntarily." *Id.* (citing *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998); *Grays v. State*, 888 S.W.2d 876, 878 (Tex. App.—Dallas 1994, no pet.)). "The burden then shifts to the defendant to show that he was unaware of the consequences of his plea such that he suffered harm." *Id.* (citing *Martinez*, 981 S.W.2d at 197; *Grays*, 888 S.W.2d at 878).

## B. Application of Law to Facts

Possession with intent to deliver cocaine in an amount of four grams or more, but less than 200 grams, is a first-degree felony, punishable by imprisonment for five to 99 years, or life, and a maximum fine of $10,000. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (West 2010); TEX. PENAL CODE ANN. § 12.32 (West 2011). When the offense is committed in a designated drug-free zone, the minimum term of confinement is increased to 10 years, and the maximum fine is increased to $20,000. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.134(c) (West 2010 & Supp. 2012). The record shows the trial court admonished Henderson that the range of punishment for possession with intent to deliver cocaine between four and 200 grams "within 1,000 feet of a school" was "10 years to 99 years or life confinement in the penitentiary and an optional fine not to exceed $10,000." Furthermore, we have already concluded above there was sufficient evidence Henderson's offenses were committed in a drug-free zone. This record reflects the trial court incorrectly admonished Henderson that he faced a maximum fine of $10,000, instead of $20,000. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.134(c). However, the trial court assessed punishment at fifteen years' confinement and a fine of $1,000. Because the sentence is "within both the actual and misstated range," we conclude the admonishment "substantially complies with article 26.13" *See In re T.W.C.*, 258 S.W.3d at 222 (citing TEX. CODE CRIM. PROC. ANN. art. 26.13; *Robinson*, 739 S.W.2d at 801).

As to the charge of possession with intent to deliver between 28 and 200 grams of codeine, the trial court admonished Henderson the range of punishment was "five to 99 years or

life confinement in the penitentiary and an optional fine not to exceed $10,000." Possession with intent to deliver codeine in an amount of 28 grams or more, but less than 200 grams, is a felony of the second degree, punishable by imprisonment for 2 to 20 years and a maximum fine of $10,000. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.114(c) (West 2010); TEX. PENAL CODE ANN. § 12.33 (West 2011). However, section 481.134(b) provides that an offense otherwise punishable as a felony of the second degree under section 481.114 is punishable as a felony of the first degree if the offense was committed in a designated drug-free zone. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.134(b) (West Supp. 2012); *see also* TEX. PENAL CODE ANN. § 12.32 (first degree felony punishable by imprisonment for five to 99 years, or life, and a maximum fine of $10,000). On this record, we conclude the trial court correctly admonished Henderson as to the codeine offense.

Further, Henderson does not complain of any lack of awareness, misunderstanding, or harm caused by the admonishments. *See In re T.W.C.*, 258 S.W.3d at 222 (citing *Martinez*, 981 S.W.2d at 197; *Grays*, 888 S.W.2d at 878). In fact, at the plea hearing, Henderson testified he had reviewed the indictments and discussed the facts of his cases with his attorney and that he was pleading guilty to the two offenses "exactly as they are alleged." We decide against Henderson on his second issue.

### III. CONCLUSION

The trial court's judgment is affirmed.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
110906F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ARTHUR JAMES HENDERSON,
Appellant

No. 05-11-00906-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 4, Dallas County, Texas
Trial Court Cause No. F10-63420-K.
Opinion delivered by Justice Lang.   Justices
Moseley and Francis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 12th day of April, 2013.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ARTHUR JAMES HENDERSON,
Appellant

No. 05-11-00907-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 4, Dallas County, Texas
Trial Court Cause No. F11-70254-K.
Opinion delivered by Justice Lang.   Justices
Moseley and Francis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 12th day of April, 2013.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE