**AFFIRMED; Opinion Filed October 5, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-01386-CR

**SIMON GONZALEZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F15-75819-I**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Evans
Opinion by Justice Evans

Simon Gonzalez appeals his conviction for aggravated robbery. Appellant entered an open plea of guilty to the charge. The trial court found appellant guilty and assessed punishment at thirty years' confinement. We affirm.

### BACKGROUND

In a single proceeding held on October 12, 2015, appellant entered a guilty plea in this aggravated robbery case and a burglary of a habitation case in trial court cause number F15-75789. He also entered pleas of true to the State's motions to proceed with an adjudication of guilt in trial court cause numbers F13-12514 and F13-12515. The trial court found appellant guilty in all four cases and sentenced him to thirty years' confinement in this aggravated robbery

case, twenty years' confinement in the burglary case, and ten years' confinement in the 2013 cases. Appellant does not appeal the convictions in the burglary case or the 2013 cases.

## ANALYSIS

In two issues, Appellant alleges that his guilty plea was involuntary due to incorrect and misleading admonishments. Specifically, appellant contends that the admonishments improperly suggest the existence of a plea bargain and sentence recommendation and provide such conflicting information that appellant could not have been aware of the consequences of his plea. Appellant's arguments concern issues of both constitutional due process and Texas statutory requirements.

The United States Supreme Court held that a violation of constitutional due process occurs when a trial court accepts a guilty plea without an affirmative showing "spread on the record" that the guilty plea was voluntary. *See Boykin v. Alabama,* 395 U.S. 238, 242–43 (1969). The Court in *Boykin* did not define what must be "spread on the record" to satisfy due process other than to generally require that a guilty-pleading defendant have a "full understanding" of what his plea connotes and its consequences. *See Aguirre–Mata v. State,* 125 S.W.3d 473, 475 (Tex. Crim. App. 2003). Under *Boykin,* no specific admonishments are necessary. *Id.* As long as the record otherwise affirmatively discloses that the defendant's guilty plea was adequately informed, due process is satisfied. *Davison v. State,* 405 S.W.3d 682, 687 (Tex. Crim. App. 2013). The voluntariness of the plea may be inferred from all the relevant circumstances surrounding it. *See Brady v. U.S.,* 397 U.S. 742, 749 (1970).

In this case, the record shows that appellant's guilty plea was entered voluntarily and with awareness of its consequences and the rights being waived. In appellant's signed plea papers, he waived his right to a trial by jury, consented to the stipulation of the evidence, and waived his rights against self-incrimination and the appearance, confrontation, and cross-

examination of witnesses. The section titled "Defendant's Statements and Waivers" includes the following language: "I understand the nature of the accusation made against me, the range of punishment for such offense, and the consequences of a plea of guilty or nolo contendere." In the section titled "Signatures and Acknowledgements," appellant affirms the fact that he understands all the admonitions and warnings regarding his rights and his plea and expressly states that his "statements and waivers are knowingly, freely, and voluntarily made with full understanding of the consequences."

During the plea hearing, the trial court asked appellant if he read and understood the paperwork he signed in connection with this case, and if his attorney explained the paperwork and the indictment. He then advised appellant regarding the range of punishment for both the burglary and aggravated robbery cases and correctly stated that the range of punishment for the aggravated robbery case was confinement from five years to ninety-nine years and a fine of $10,000. The trial court also informed appellant that this was not a plea bargain agreement and that he had the right to appeal "no matter what happens." The court then asked if the appellant understood everything and appellant replied "yes." Further, the trial court asked appellant if he was waiving his right to a jury trial and appellant replied "yes." The trial court informed appellant that his attorney had entered a plea of guilty on his behalf to the aggravated robbery and burglary indictment, and true to the motions to proceed to adjudication and asked appellant if that was his plea and appellant replied "yes." The trial court then asked appellant if he was pleading guilty and true freely and voluntarily to the charges, and appellant again replied "yes."

In addition, the judicial confession and stipulation of evidence were entered in evidence at the plea hearing. In the judicial confession, appellant acknowledged that he was consenting to the stipulation of the evidence and was waiving his rights against self-incrimination and the appearance, confrontation, and cross-examination of witnesses. Further, appellant testified at the

hearing that when he got "picked up" for the burglary case and was being interrogated, he voluntarily admitted to having committed the aggravated robbery because he "felt a lot of guilt . . . knew I was going to come to jail, and I wanted to get everything taken care of right now." Based on these facts, we conclude the record shows that appellant's plea was voluntary.

Appellant contends that he could not have been aware of the consequences of his plea because the admonishments improperly suggest the existence of a plea bargain and sentence recommendation. To support this claim, appellant refers to the language in the document titled "Court's Admonitions to Defendant" in which the court informs appellant that the prosecuting attorney's recommendation as to punishment is not binding on the court, and makes reference to a plea bargain by advising appellant that he could withdraw his plea if the court did not follow any plea bargain. Appellant also refers to the trial court's admonishment that he has no right to appeal if the court followed the plea bargain. Appellant argues that because there was no plea bargain in this case, these admonishments misled him into believing that the State's prior fifteen year plea bargain offer was the maximum punishment he could have received. Appellant's argument that he was confused about the range of punishment lacks merit.

Article 26.13 of the code of criminal procedure requires that, prior to accepting a guilty plea or a plea of nolo contendere, a trial court must admonish the defendant regarding: (1) the range of punishment for the offense; (2) certain aspects of the law of plea-bargain agreements; (3) the effect a plea-bargain agreement may have on the right to appeal; (4) the effect that a conviction might have on a non-citizen; and (5) the registration requirements for defendants convicted of certain sex offenses. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a) (West Supp. 2016). These admonitions may be made orally or in writing. *Id.* at art. 26.13(d).

The record reflects that the trial court complied with the admonishment requirements of article 26.13. In addition to the admonitions pertaining to appellant's rights if there was a plea

–4–

bargain agreement, the written admonitions, signed by both appellant and his counsel, also advised appellant that if he entered a guilty plea without a plea bargain, the court could assess his punishment anywhere within the range allowed by law. The trial court correctly advised appellant of the range of punishment both orally and in writing. The trial court also orally advised appellant that this was not a plea bargain agreement. As previously noted, appellant signed plea papers which included language expressly stating that he understand the range of punishment for the offense and the consequences of his plea of guilty. At least two other documents contained in the record and executed by appellant, his attorney, and the trial court judge, also indicate that appellant was advised that this was not a plea bargain agreement. The appellant's written waiver of jury, contains a statement regarding the nonexistence of a plea bargain agreement and indicates that this was an open plea. The "Trial Court's Certification of Defendant's Right of Appeal" specifically states that this was not a plea bargain case. The record reflects that the plea hearing and the execution of the written admonitions occurred on the same date and that appellant told the court that he understood both the written admonitions and the oral admonitions. Appellant's claim is further undermined by his own testimony at the plea hearing. Appellant testified that he had been offered a fifteen year plea bargain but that the offer was taken off the table because he did not want to accept it. Appellant then testified about his drug problem and asked the trial court to place him on deferred adjudication and send him to drug treatment.

Finally, when the record reflects a trial court admonished a defendant under article 26.13(a)(1), and assessed punishment within the actual and stated range for the offense, substantial compliance will be deemed to have occurred, and there is a *prima facie* showing that the defendant's plea was knowing and voluntary, even if the admonishment itself was incorrect. *Grays v. State*, 888 S.W.2d 876, 878 (Tex. App.—Dallas 1994, no pet.). Once substantial

–5–

compliance with article 26.13(a) has been shown, the burden shifts to the defendant to affirmatively show both that he was unaware of the consequences of his plea and that he was misled or harmed by the trial court's admonishment. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(c) (West Supp. 2016). An affirmative showing requires more than a defendant's unsupported, subjective assertion that he was confused about the punishment range. *Grays*, 888 S.W.2d at 878. Based on this record, we cannot find that appellant has met his burden in showing he was harmed or misled by the admonishments of the trial court. There is no evidence in the record indicating that appellant believed that the punishment which could be assessed was limited to fifteen years confinement as a result of the State's prior plea bargain offer. As already noted, appellant's testimony during the hearing clearly dispels any such notion.

## CONCLUSION

We conclude appellant knowingly and voluntarily pleaded guilty and resolve the issues against him. We affirm the trial court's judgment.

/David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
151386F.U05

–6–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SIMON GONZALEZ, Appellant

No. 05-15-01386-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2, Dallas County, Texas
Trial Court Cause No. F15-75819-I
Opinion delivered by Justice Evans, Justices Lang and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 5th day of October, 2016.