

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00093-CR

THYEE MCGRUDER                                          APPELLANT

V.

THE STATE OF TEXAS                                          STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
TRIAL COURT NO. 1436227D

----------

### MEMORANDUM OPINION[1]

----------

Thyee McGruder entered an open guilty plea to theft of property valued at less than $2,500 with two prior theft convictions, a state-jail felony further enhanced by two prior state-jail felony convictions, which raised the punishment range to a third-degree felony. *See* Tex. Penal Code Ann. §§ 12.425(a), 31.03(e)(4)(D) (West Supp. 2017). The trial court accepted McGruder's guilty

---

[1]*See* Tex. R. App. P. 47.4.

plea and assessed punishment at six years' confinement. In one point, McGruder complains that the trial court's failure to properly admonish him of the correct punishment range rendered his guilty plea unknowing and involuntary. We affirm.

## Background

In November 2015, two Fort Worth police officers arrested McGruder for shoplifting $236 in merchandise from a local Wal-Mart.[2] McGruder was later indicted for theft of property valued at less than $2,500 with two prior theft convictions, a state-jail felony. *Id.* § 31.03(e)(4)(D). In an enhancement paragraph, the State also alleged two prior state-jail felony convictions, which raised the punishment range to a third-degree felony. *Id.* § 12.425(a).

Some six months later, in an unrecorded proceeding, McGruder entered an open guilty plea and requested a presentence investigation report. McGruder's written confession encompassed both the offense and the enhancements. At that time, the trial court provided McGruder with plea documents that mistakenly admonished him of the offense as a second-degree felony with a punishment range of two to twenty years' confinement and a fine not to exceed $10,000, even though his punishment range equaled that of a third-degree felony: two to ten years and a fine not to exceed $10,000. *See Id.* §§ 12.33, 12.34 (West 2011).

---

[2]A presentence investigation report reflected McGruder's claims that he stole the merchandise to sell it for cash to help his ailing mother.

At the sentencing hearing, this discrepancy caused some confusion, leading to the following exchange:

> THE COURT: All right. Mr. McGruder, based upon your plea of guilty, the Court's going to find that you are, in fact, guilty of this offense of theft of property less than $2500 with two or more convictions. Does the State intend to prove up the third degree enhancements?
>
> [PROSECUTOR]: He pled to that, Your Honor, on the plea paperwork. It was checked.
>
> THE COURT: Did he? He pled true to that?
>
> [PROSECUTOR]: And that was a second degree I believe.
>
> [DEFENSE COUNSEL]: Third degree.
>
> [PROSECUTOR]: It was a third? Okay.
>
> THE COURT: Well, actually it states here [on the indictment itself][3] that it's a third degree felony, state jail enhanced to a third degree.
>
> [PROSECUTOR]: Okay.
>
> THE COURT: Even though y'all wrote it up as a second degree [in the plea paperwork]. I don't know why you did that.
>
> [PROSECUTOR]: The indictment, Your Honor, I believe says second degree, but let me double check that before. I don't want to misrepresent the Court.
>
> THE COURT: [Defense Counsel], what's your thoughts?
>
> [DEFENSE COUNSEL]: My thought is that I know that's the -- we had an agreement to plead for a third degree so...
>
> THE COURT: Okay. I mean, that's what the indictment states here, [Prosecutor], unless you see something different.

---

[3]The enhancement paragraph explicitly states, "STATE JAIL FELONY ENHANCEMENT – 3RD DEGREE FELONY NOTICE: . . . ."

3

[PROSECUTOR]: You're right, Your Honor, it says third degree.

The trial court then proceeded to sentence McGruder without re-admonishing or questioning him about his understanding of the corrected punishment range:

> THE COURT: All right. Okay. Real good. All right. Anything further from either side?
>
> [PROSECUTOR]: Nothing further from the State, Your Honor.
>
> [DEFENSE COUNSEL]: No, Your Honor
>
> THE COURT: All right. Mr. McGruder, the Court's going to -- having found that you are, in fact, guilty, assess your punishment at six years in the Institutional Division of the Texas Department of Criminal Justice. Any legal reason I shouldn't sentence him?
>
> [DEFENSE COUNSEL]: No, Your Honor.

At no point during the sentencing hearing, or even in his motion for new trial, did McGruder raise an objection to the court's failure to properly admonish him of the correct punishment range.[4]

## Discussion

In his sole point, McGruder argues that the trial court's failure to properly admonish him of the correct punishment range rendered his decision to enter a guilty plea unknowing and involuntary. McGruder insinuates that if the initial written admonishments had not misstated the punishment range, he might have pursued a jury trial.

---

[4]"[A] court's failure to properly admonish a defendant cannot be forfeited and may be raised for the first time on appeal unless it is expressly waived." *Bessey v. State*, 239 S.W.3d 809, 812 (Tex. Crim. App. 2007).

Under Texas Code of Criminal Procedure article 26.13, a trial court must admonish a defendant of the punishment range attached to the offense before accepting the defendant's guilty plea. Tex. Code Crim. Proc. Ann. art. 26.13 (West Supp. 2017). The purpose of article 26.13 is to ensure that only constitutionally valid pleas—that is, those that are knowing and voluntary—are entered by defendants and accepted by trial courts. *Meyers v. State*, 623 S.W.2d 397, 402–03 (Tex. Crim. App. [Panel Op.] 1981) (citing *Brady v. United States*, 397 U.S. 742, 90 S. Ct. 1463 (1970)). An admonishment that substantially complies with article 26.13 is sufficient and establishes a prima facie case that the defendant's plea was knowing and voluntary. *See* Tex. Code Crim. Proc. Ann. art. 26.13(c); *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998).

When the record reflects that the trial court incorrectly admonished a defendant regarding the punishment range but in fact assessed punishment within the actual and misstated ranges, substantial compliance with article 26.13 is attained. *Martinez*, 981 S.W.2d at 197; *Lemmons v. State*, 133 S.W.3d 751, 757 (Tex. App.—Fort Worth 2004, pet. ref'd). The burden then shifts to the defendant to affirmatively show that he was not aware of the consequences of his plea and that he was misled or harmed, such that the plea was rendered involuntary. *See Martinez*, 981 S.W.2d at 197 (interpreting Tex. Code Crim. Proc. Ann. art. 26.13(c)); *Lemmons*, 133 S.W.3d at 751. In other words, once substantial compliance is shown, "[a] defendant may still raise the claim that his

plea was not voluntary; however, the burden shifts to the defendant to demonstrate that he did not fully understand the consequences of his plea such that he suffered harm." *Martinez*, 981 S.W.2d at 197.

We hold that the trial court substantially complied with article 26.13(a)(1) because it assessed McGruder's punishment within the actual and misstated ranges.[5] *See Martinez*, 981 S.W.2d at 197. Thus the issue now becomes whether McGruder has affirmatively shown that despite the trial court's substantial compliance, he was not aware of the consequences of his plea as it related to the correct punishment range for his offense and was misled or harmed by the court's admonishment. *See* Tex. Code Crim. Proc. Ann. art. 26.13(c); *Lemmons*, 133 S.W.3d at 759.

In reviewing the voluntariness of a guilty plea, we must examine the record as a whole. *Martinez*, 981 S.W.2d at 197. An "affirmative" showing requires more than a defendant's unsupported, subjective assertion that he did not know the punishment range for his offense, that he would not have entered the plea in question had he been correctly admonished, or that he was misled or harmed by the trial court's admonishment. *See Ex parte Gibauitch*, 688 S.W.2d 868, 872 (Tex. Crim. App. 1985); *Lemmons*, 133 S.W.3d at 759. We have previously held that when the consequence at issue is the applicable punishment range, the

---

[5]The actual range for this offense was two to ten years. *See* Tex. Penal Code Ann. § 12.34. The misstated range included in the written admonishments was two to twenty years. McGruder's six-year sentence is within both ranges.

6

defendant must show—by evidence grounded in the record—both his lack of knowledge or understanding about the punishment range for his offense and, objectively, the manner in which he was misled or harmed. *Lemmons*, 133 S.W.3d at 759 (citing *Grays v. State*, 888 S.W.2d 876, 878–79 (Tex. App.—Dallas 1994, no pet.)).

Under similar facts in *Lemmons*, this court noted that even given an incorrect admonishment, a defendant may otherwise know or understand the correct punishment range before the trial court accepts his plea. *Id.* at 759. There, the trial court initially admonished Lemmons using an enhanced punishment range that the State later waived, effectively reducing the minimum punishment by ten years. *Id.* at 757–58. Lemmons later complained that his guilty plea was not voluntary because at the time he entered his plea, he did not know that the actual punishment range was only five-years-to-life imprisonment, as opposed to the fifteen-to-life range initially included in the trial court's admonishment. *Id.* at 757. Lemmons contended that had he known this fact, he would have taken his chances with a jury. *Id.* As evidenced in the reporter's record, however, Lemmons acknowledged the lesser punishment range before the trial court accepted his open plea. *Id.* at 758. Lemmons thus failed to affirmatively show that he was unaware of the consequences of his plea and that he was misled or harmed by the trial court's admonishment. *Id.*

McGruder argues that his plea was involuntary because it was predicated on the untruths and falsities contained in the initial admonishment, which

7

misstated the applicable punishment range. But he does not point to any specific evidence demonstrating that he was unaware of the consequences of his plea and that he was misled or harmed by the trial court's admonishment. To the contrary, the reporter's record indicates that McGruder already knew the correct punishment range because, during the sentencing hearing, his attorney quickly pointed out the prosecutor's misstatement regarding the applicable punishment range as a second-degree felony. And during that exchange, McGruder's attorney indicated that McGruder "had an agreement to plead for a third degree" felony, further suggesting that McGruder understood the consequence of pleading guilty to a third-degree felony before the trial court accepted his guilty plea.

McGruder cannot make the affirmative showing necessary under article 26.13 to rebut the prima facie showing that his guilty plea was knowing and voluntary by relying solely on the fact that the trial court's admonishment misstated the punishment range. *See Grays*, 888 S.W.2d at 878. The record indicates that McGruder was in fact aware of the correct range and understood the consequences of his plea before it was accepted. *Lemmons*, 133 S.W.3d at 758. Furthermore, McGruder provides no concrete evidence of harm beyond his subjective assertion that he might not have entered the plea. *See Gibauitch*, 688 S.W.2d at 872. Accordingly, we conclude that McGruder knowingly and voluntarily pleaded guilty and that the trial court did not err in accepting McGruder's open guilty plea. *Lemmons*, 133 S.W.3d at 759.

8

We overrule McGruder's sole point and affirm the trial court's judgment.

/s/ Elizabeth Kerr
ELIZABETH KERR
JUSTICE

PANEL:  WALKER, MEIER, and KERR, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  May 3, 2018